IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CREON D. FAISON,

    Petitioner,

v.                                                         Case No. 4:13cv540-RH/CAS

UNITED STATES OF AMERICA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On or about September 26, 2013, Petitioner Creon D. Faison, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 11, 2013, Petitioner filed an amended § 2241 petition. ECF No. 4. On February 5, 2014, Respondent filed an answer, with attachments. ECF No. 10. Petitioner has not filed a reply, though given the opportunity to do so. *See* ECF No. 8.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned concludes that Petitioner has not demonstrated

entitlement to relief under § 2241 and, accordingly, the petition should be denied.

## Background

Petitioner Creon D. Faison, an inmate at the Federal Correctional Institution in Marianna, Florida, was tried by general court-martial in 2009 and convicted of several sexual offenses with a minor. ECF No. 10-1; Faison v. Belcher, 496 F. App'x 890 (10th Cir. 2012); United States v. Faison, 2010 WL 2265833 (A.F. Ct. Crim. App. Apr. 19, 2010). The military judge sentenced Faison to a reduction to the grade of E-1, 35 years of confinement, forfeiture of all pay and allowances, and a dishonorable discharge. ECF No. 10-1; Faison, 496 F. App'x at 891; Faison, 2010 WL 2265833 at *1. The Air Force Court of Criminal Appeals (AFCCA) affirmed Faison's conviction and sentence, and the U.S. Court of Appeals for the Armed Forces (CAAF) denied review. Faison, 2010 WL 2265833 at *7; Faison, 496 F. App'x at 891; ECF No. 10-2 at 12.

On or about February 7, 2011, Faison filed a petition in the United States District Court for the District of Kansas, which that court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, assigned case number 5:11cv3033-RDR. ECF No. 10-2; Faison, 496 F.

App'x at 891.  On October 3, 2011, Faison filed a "Motion for Vacation of Case," asserting the failure to state an offense, the failure to meet the constitutionally required fair notice, and the military judge failed to properly instruct terminal elements.  ECF No. 10-3.  By memorandum and order rendered July 3, 2012, the district judge denied the § 2241 habeas corpus petition and dismissed the case.  ECF Nos. 10-4, 10-5.  In particular, the court explained the applicable standard:

> The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241.  Federal courts, however, have only limited authority to review decisions made by courts-martial.  Burns v. Wilson, 346 U.S. 137, 138-42 (1953).  This review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts.  Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994).  See Thomas v. U.S. Disciplinary Barracks, 625 F.3d 667, 670 (10th Cir. 2010) (federal court "is to determine whether the military have given fair consideration to each of the petitioner's claims").  If so, a federal court does not reach the merits and should deny the petition.  See Roberts v. Callahan, 321 F.3d 994, 995-96 (10th Cir.) (citing Lips), *cert. denied*, 540 U.S. 973 (2003).  "Only when the military has not given a petitioner's claim full and fair consideration does the scope of review by the federal civil court expand."  Lips, 997 F.2d at 811.  See Burns, 346 U.S. at 142 (district court empowered to conduct de novo review if military courts manifestly refused to consider petitioner's claims).

> Generally, an issue is considered to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. Roberts, 321 F.3d at 997; Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986). The fact that the military court did not specifically address the issue in a written opinion does not establish that an issue was not given appropriate consideration. Lips, 997 F.2d at 812, n.2. And if a claim was not presented to the military courts, a federal habeas court is to consider the claim waived and not subject to review. Watson, 782 F.2d at 145.
>
> The petitioner bears the burden of showing that the military review was "legally inadequate" to decide his claims. Watson, 782 F.2d at 144 (citing Burns, 346 U.S. at 146). Absent such a showing, the federal court cannot reach the merits.
>
> In the Tenth Circuit, "review by a federal district court of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to five adequate consideration to the issues involved or failed to apply proper legal standards." Lips, 997 F.2d at 811 (citing Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Cases applying this four-part test have emphasized the fourth condition as being the most important consideration. Thomas, 625 F.3d at 671.

ECF No. 10-4 at 2-3. The court then set forth the grounds raised by Faison:

> Petitioner filed the instant petition seeking a writ of habeas corpus on three grounds. He first claims the military

> judge violated petitioner's right to due process and a fair trial by allowing a video of the victim's unsworn statements to be considered.  Second, petitioner contends the charges against him were multiplicitous, in violation of the Double Jeopardy Clause.  And third, petitioner maintains the evidence was legally and factually insufficient to support his conviction.

*Id.* at 3-4.  The court also explained that Faison had filed a motion to vacate his conviction, relying on U.S. v. Fosler, 70 M.J. 225 (2011), claiming the prosecutor failed to state an offense or provide constitutionally required notice and the jury instructions were improper; the court construed this motion as one to amend the petition and denied it, explaining "[a]mendment of the petition would be futile where petitioner clearly waived military consideration of these claims by never presenting them to the military courts . . . and where there is no discernable legal basis for application of Fosler [decided well after Faison's court-martial conviction became final] to petitioner's case."  *Id.* at 4.  The court denied the petition, finding all three grounds "were fully and fairly considered by the military courts, . . . petitioner has not sustained his burden of demonstrating that military review of these grounds was 'legally inadequate,'" and "[u]nder the narrow standard of review governing this action, review of the merits of petitioner's claims by this court is barred."  ECF No. 10-4 at 7.

Case No. 4:13cv540-RH/CAS

Faison appealed to the Tenth Circuit Court of Appeals. ECF No. 10-6. In an order and judgment rendered September 25, 2012, that court affirmed the district court's denial of the § 2241 petition. *Id.*; Faison v. Belcher, 496 F. App'x 890 (10th Cir. 2012). The court explained the more narrow review of § 2241 petitions in military cases and agreed with the district court's findings that all three grounds raised by Faison were presented to the military courts and given full and fair consideration:

> The military courts have addressed Mr. Faison's issues on multiple occasions. His first two claims, insufficiency of the evidence and use of inadmissible evidence, were raised at trial, and a three-judge panel of the AFCCA upheld the military judge's decision in a written opinion. The CAAF denied review and later denied reconsideration. Mr. Faison's third claim of double jeopardy was raised for the first time in his petition to the CAAF for extraordinary relief, and the CAAF reviewed and summarily denied the petition. We find that the military courts fully and fairly considered the issues Mr. Faison raised in his § 2241 petition.

Faison, 496 F. App'x at 891. The court also explained, regarding the district court's denial of Faison's motion to vacate his court-martial conviction, that he "did not raise the issues in his motion before the military courts and has therefore waived them." *Id.*

As indicated above, Faison filed a § 2241 petition in this Court on or about September 26, 2013, while an inmate at the Federal Correctional

Institution in Marianna, Florida.[1]  ECF No. 1; *see* ECF No. 4. He raises five grounds:

> (1) Lack of jurisdiction – "The military may have jurisdiction over a military person but not the alleged offense unless it is clearly shown with physical evidence that it happened during the line of duty on military property to another military person."  ECF No. 4 at 3.
>
> (2) Failure to allege an offense – "Article 134 states that the alleged offense was done against the military.  The Air Force must show how the offense was against the military[;] if they cannot the charge is unconstitutional."  *Id.*
>
> (3) Vagueness: lack of full and fair notice – "I was not notified of any charges brought against me partly due to the lack of an investigation or anything else." *Id.* at 4.
>
> (4) Judge not instructing on terminal elements – "None of the charges meet their terminal elements.  There was not physical evidence and the judge did not ensure the terminal elements were met to support the charges."  *Id.*
>
> (5) Duplicity – "The military used a three-year window to press charges for an alleged offense [and] used the same offense to justify other charges without any physical evidence supporting them."  *Id.* at 5.

Respondent filed an answer, with attachments.  ECF No. 10.  Respondent argues the petition should be dismissed pursuant to the

---

[1] Petitioner Faison is now confined at the Federal Correctional Institution in Fort Dix, New Jersey.  ECF No. 13.  Because he filed the § 2241 petition in this Court while incarcerated within the Northern District of Florida, however, his prison transfer does not deprive this Court of jurisdiction.  See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).

"abuse of the writ" doctrine. *Id.* at 5. Respondent explains that Faison raised Grounds (2), (3), (4), and (5) in his previous § 2241 petition filed in the Kansas federal court. *Id.* It does not appear that Faison previously raised Ground (1); however, Respondent asserts Faison has not provided an excuse for failing to do so. *Id.*

Respondent also argues that, even if this Court reaches the merits, the scope of review is circumscribed by Faison's status as a military prisoner and former active duty member of the U.S. Air Force, seeking to collaterally attack his court-martial conviction. *Id.* at 8. Respondent asserts that under this narrow review, as the Kansas federal court ruled, Faison's petition should be denied and the case dismissed. *Id.* at 10.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. See <u>United States v. Hayman</u>, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."

A member of the U.S. armed services convicted in a court-martial proceeding may challenge that conviction and resulting confinement through a petition for writ of habeas corpus in federal civil court "[b]ut in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." Burns v. Wilson, 346 U.S. 137, 139 (1953). "It is the limited function of the civil courts to determine whether the military have given fair consideration to each of the[] claims." Burns, 346 U.S. at 144. "[W]hen a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id.* at 142; *see, e.g.*, Betonie v. Sizemore, 496 F.2d 1001, 1005 (5th Cir. 1974) (explaining federal district court had jurisdiction under general habeas corpus statute, 28 U.S.C. § 2241, where military petitioners "are questioning the validity of the judgments which led to their confinement, alleging that the military proceedings leading to their sentences were fatally defective because they were deprived of the basis constitutional guarantee of assistance of counsel"); U.S. ex rel. Berry v. Commanding General, Third Corps, Fort Hood, Texas, 411 F.2d 822, 824 (5th Cir. 1969) (quoting Burns and stating: "That the federal civil courts have jurisdiction of

applications for habeas corpus brought by persons in confinement by military authorities is undoubted. But it is clear that the scope of matters open for review is narrower than in civil cases.").

As set forth in Faison's previous § 2241 proceeding, federal courts have explained:

> The military has its own independent criminal justice system governed by the Uniform Code of Military Justice. 10 U.S.C. §§ 801-940. The code is all-inclusive and provides, *inter alia*, for courts-martial, appellate review, and limited certiorari review by the United States Supreme Court. . . . Because of the independence of the military court system, special considerations are involved when federal civil courts collaterally review court-martial convictions

Lips, 997 F.2d at 810. Accordingly, "[w]hen a military decision has dealt 'fully and fairly' with an allegation raised in a habeas petition, 'it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence.'" Watson v. McCotter, 782 F.2d 143, 144 (10th Cir. 1986) (quoting Burns, 346 U.S. at 142). Further, federal courts "will not review claims on the merits if they were not raised at all in the military courts." Watson, 782 F.2d at 145.

In this case, Grounds (3) and (4) involve notice of the charges, "lack of an investigation or anything else," and sufficiency of the evidence.

Case No. 4:13cv540-RH/CAS

Regarding notice, the attachments provided by Respondent include a Request for Trial Before Military Judge Alone, signed by Faison, which states he has been informed of the military judge "detailed to the court-martial to which the charge and specifications pending against me have been referred for trial."  ECF No. 10-7.  The Kansas district court found that, in his direct appeal, Faison challenged the sufficiency of the evidence against him and the AFCCA rejected his claims and the CAAF denied revew; he thereafter raised the claims again in a petition for extraordinary relief, which the CAAF summarily denied.  ECF No. 10-4 at 6; see United States v. Faison, 2010 WL 2265833, at *1-2 (A.F. Ct. Crim. App. 2010). Likewise, the Tenth Circuit's order and judgment explains that Faison's claims of insufficiency of the evidence and use of inadmissible evidence were raised at trial, a three-judge panel of the AFCCA upheld the military judge's decision in a written opinion, the CAAF denied review and also denied reconsideration.  ECF No. 10-6 at 3; Faison, 496 F. App'x at 891. Faison has not shown the military courts failed to adequately review these claims.  Further, to the extent Grounds (3) and (4) involve claims not presented to the military courts, Faison has waived those claims.  See Watson, 782 F.2d at 145; Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir.

2003) (explaining "if a ground for relief was not raised in the military courts, then the district court must deem that ground waived").

Ground (5) appears to involve Faison's double jeopardy claim. The Tenth Circuit's order and judgment explains that Faison raised such a claim in his petition to the CAAF for extraordinary relief; the CAAF reviewed the petition and summarily denied relief. ECF No. 10-6 at 4; Faison, 496 F. App'x at 891. That court found the military courts had fully and fairly considered the issue, and Faison has not shown otherwise.

Faison raised Ground (2) in his motion to vacate his court-martial conviction. The Kansas federal district court construed the motion as one to amend his § 2241 petition and denied it, explaining that Faison had waived military consideration of this claim by not presenting it to the military court. The appellate court agreed. ECF No. 10-6 at 4; Faison, 496 F. App'x at 891-92. *See* Watson, 782 F.2d at 145.

The only remaining claim, Ground (1), asserts the military did not have jurisdiction. It does not appear that Faison raised this argument previously. Regardless, the claim lacks merit. "[T]he proper exercise of court-martial jurisdiction over an offense [depends] on one factor: the military status of the accused." Solorio v. United States, 483 U.S. 435, 439

(1987) (holding U.S. Constitution is not violated where court-martial is convened pursuant to Uniform Code of Military Justice to try individual who was member of Armed Services at time of charged offense (sexual abuse of minor) and jurisdiction of court-martial does not depend on "service connection" of offense charged).  Faison does not dispute that he was a member of the U.S. Air Force at the time of the charged offenses.

## Conclusion

For the reasons set forth above, Petitioner Creon D. Faison has not shown entitlement to relief under 28 U.S.C. § 2241.  Accordingly, it is **RECOMMENDED** that his petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 4) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2016.

> S/   Charles A. Stampelos
> CHARLES A. STAMPELOS
> UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14)**

Case No. 4:13cv540-RH/CAS

**days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**